UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES PIERRE,

                                            Plaintiff,        DECISION and ORDER

-vs-

                                                         16-CV-6428 CJS

COUNTY OF MONROE, MONROE COUNTY
DISTRICT ATTORNEY'S OFFICE, SANDRA
DOORLEY, in both her individual capacity and
her official capacity as an Assistant District Attorney
then as District Attorney, KELLY C. WOLFORD, in
both her individual capacity and her official capacity
as an Assistant District Attorney, and BRIAN GREEN,
in both his individual capacity and his official
capacity as an Assistant District Attorney,

                                            Defendants.
_____

INTRODUCTION

Charles Pierre ("Plaintiff") filed this action under 42 U.S.C. § 1983 alleging that nine years after he was convicted of murder and arson, defendants obtained exculpatory information which they did not share with him until eighteen months later. After Defendants disclosed the new evidence to Plaintiff, he used it to obtain a new trial, at which he was acquitted. Plaintiff maintains, however, that Defendants violated his federal constitutional rights by failing to disclose the exculpatory information to him sooner. Now before the Court is Defendants' motion (Docket No. [#53]) to dismiss the Amended Complaint [#30-1] for failure to state an actionable claim. The application is granted.

FACTUAL BACKGROUND

The reader is presumed to be familiar with the Court's two prior Decisions and Orders [#50][#60] in this action, which discuss the underlying facts of this action in great

detail. Accordingly, the Court will only recite the facts necessary to address the pending application.

On August 2, 2002, two individuals (Clara Sconiers and Thomas Reed) were murdered in an apartment at 262 First Street in the City of Rochester, New York, and the apartment was set ablaze by the perpetrator. Members of the Rochester Police Department ("RPD") investigated and found, among other things, that Plaintiff, who had a criminal record and who had previously dated Ms. Sconiers, had been present at 262 First Street on the day of the murders and had argued with Sconiers. On August 24, 2002, RPD officers arrested Plaintiff and charged him with the aforementioned murders and arson. The Monroe County Grand Jury later indicted Plaintiff for the crimes, and on June 16, 2003, Plaintiff was convicted following a jury trial. At trial, numerous witnesses testified to seeing Plaintiff at or near 262 First Street both before and after the fire started and to witnessing arguments between Plaintiff and Ms. Sconiers on the day of the murders. On July 28, 2003, the trial court sentenced Plaintiff to, *inter alia*, life in prison without parole. Plaintiff's conviction was affirmed on appeal. *See, People v. Pierre*, 37 A.D.3d 1172, 829 N.Y.S.2d 386 (4th Dept. 2007), *leave to appeal denied*, 8 N.Y.3d 989 (2007). Plaintiff, though, always maintained his innocence.

On September 18, 2005, approximately two years after Plaintiff's sentencing, RPD Officer Paul Bushart ("Bushart") responded to a domestic violence complaint at the residence of Darrell Boyd and Kathleen Boyd on Merchants Road in the City of Rochester. Unbeknownst to Bushart, the Boyd's had lived in an apartment at 262 First Street adjacent to the apartment of Sconiers and Reed at the time of the murders. Upon Officer

Bushart's arrival at the Boyd residence, Mrs. Boyd told him that she wanted Mr. Boyd to vacate the apartment, because he had been beating her. Mrs. Boyd further told Officer Bushart that her husband had actually committed the murders and arson at 262 First Street, and that an innocent man had been convicted of the crimes. In Bushart's presence, Mrs. Boyd threatened her husband that she would say more to Bushart if he did not leave the premises. Mr. Boyd became visibly upset at his wife's statement and left the apartment. After Mr. Boyd's departure, Bushart attempted to talk further with Mrs. Boyd, but she refused to provide any additional information.

Officer Bushart recorded the incident, including Mrs. Boyd's statements about the murders, in a police report which he provided to his supervisor, Sergeant Daniel Beradini ("Beradini"). Beradini entered the information into the RPD's files.

Almost seven years later, on May 2, 2012, RPD Investigator Robert Brennan ("Brennan") was investigating Darrell Boyd's involvement in another crime, when he discovered the report written by Officer Bushart in 2005, in the RPD's files. Brennan interviewed Mrs. Boyd, who admitted that her husband had confessed to her that he had committed the 2002 murders and arson. A few days later, on May 7, 2012, Brennan and RPD Investigator Gary Galetta ("Galetta") re-interviewed Mrs. Boyd, who repeated what she had previously told Brennan.

Later that month, on May 29, 2012, Brennan shared the information obtained from Mrs. Boyd with members of the Monroe County DA's Office and, in particular, with DA Sandra Doorley ("Doorley"), Assistant DA Kelly Wolford ("Wolford") and Assistant DA Brian Green ("Green").

The RPD and DA's Office subsequently investigated the matter. Such investigation involved interviewing Plaintiff in prison, and finding and interviewing persons with whom Darrell Boyd had contact while he was in jail on other charges. The investigation revealed, among other things, that Mr. Boyd had told a fellow inmate, Dolph Sturgis ("Sturgis"), that he had committed the First Street murders.[1]

On November 25, 2013, the DA's Office informed Plaintiff that Darrell Boyd had confessed to several individuals that he had committed the murders.[2] This was the first time that Plaintiff was made aware of the exculpatory evidence. Plaintiff then used the information provided to him by the DA's Office to file a collateral attack on his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10(1)(g). At a hearing on the collateral attack, the trial court heard testimony from Investigator Brennan, Mrs. Boyd and Sturgis. On July 17, 2014, the Honorable Douglas Randall, Monroe County Court Judge, granted Plaintiff's motion to vacate the judgment of conviction.[3] Judge Randall did not dismiss the charges altogether, but instead, found that Plaintiff was entitled to a new trial, since the newly-discovered evidence "create[d] the probability that had such evidence been received at trial the verdict would have been more favorable to the

---

[1] *See*, Amended Complaint [#30-1] at ¶ 47 (Asserting that on November 25, 2013, Defendants told Plaintiff "that Darrell Boyd had confessed to *several individuals* that he had murdered Ms. Sconiers and Mr. Reed.") (emphasis added).

[2] Amended Complaint [#30-1] at ¶ 47.

[3] Judge Randall wrote, in pertinent part, that, "it is quite clear to this Court that, no matter what evidence was produced at the defendant's trial, this new evidence is of such character as to create a probability that had such evidence been received at the trial, the verdict would have been more favorable to the defendant." Docket No. [#8-1] at pp. 8-9 (citation and internal quotation marks omitted).

defendant."[4]

The DA's office appealed Judge Randall's ruling, but on June 12, 2015, the New York State Supreme Court, Appellate Division Fourth Department, affirmed the ruling. The DA's office elected to re-try Plaintiff for the murders and arson.[5] However, on August 13, 2015, following a jury trial, Plaintiff was acquitted of the charges.

On June 7, 2016, Plaintiff commenced the subject action, suing the City of Rochester, the RPD, Monroe County, the Monroe County DA's Office, and the Monroe County DA, Ms.Doorley. Plaintiff later amended his complaint to add claims against Bushart, Beradini, Brennan, Galetta, Wolford and Green. Plaintiff maintained that the defendants violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution by failing to disclose the exculpatory information to him in a more-timely fashion.

On September 7, 2018, the Court granted the City of Rochester defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed the action as against the City of Rochester, RPD, Bushart, Beradini, Brennan and Galetta. In a 49-page decision, the Court explained, *inter alia*, why the Amended Complaint failed to plausibly allege any violations of Plaintiff's rights under the Fourth, Fifth, Sixth or Fourteenth Amendments.[6]

---

[4]Docket No. [#32], Exhibit C at p. 7.

[5]Plaintiff implies that it was improper for the DA's Office to re-try him in light of the newly-discovered evidence. Plaintiff is entitled to his opinion, but Judge Randall's ruling did not establish his innocence. Rather, it merely established his "entitlement to a new trial." Docket No. [#32], Exhibit C at p. 6.

[6] Plaintiff had also asserted state-law claims against the City Defendants, which the Court also dismissed.

The action proceeded, however, as to the County Defendants, who did not join in the City Defendants' motion. As to the County Defendants, the Amended Complaint purports to state the following claims: A § 1983 claim against Doorley, Wolford and Green (Third Cause of Action); a § 1983 *Monell* claim against Doorley in her capacity as District Attorney, based on her "policy decision" not to immediately notify Plaintiff about the exculpatory evidence (Fourth Cause of Action); a conspiracy claims under 42 U.S.C. § 1985 against Doorley, Wolford and Green (Seventh Cause of Action); a claim under 42 U.S.C. § 1986 against Doorley for neglect in preventing a conspiracy under 42 U.S.C. § 1985 (Eighth Cause of Action); and a § 1983 *Monell* claim against Monroe County, the DA's Office and Doorley based on an alleged municipal policy of withholding exculpatory evidence from convicted persons (Tenth Cause of Action).

On October 3, 2018, County Defendants filed the subject motion to dismiss.

DISCUSSION

Defendants have moved to dismiss the Amended Complaint in its entirety, for failure to state a claim. Under the familiar Rule 12(b)(6) standard, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## The Claims against the County Defendants must be dismissed for the same reasons explained by the Court in its prior Decision and Order[7]

As discussed earlier, the Court previously dismissed the Amended Complaint as against the City Defendants. For reasons that escape the Court, the County Defendants did not join in the City Defendants' motion to dismiss, even though the claims asserted against them (violations of Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution based on untimely disclosure of exculpatory information obtained post-conviction) are the same as those that were asserted against the City Defendants.[8] In now moving to dismiss, the County Defendants assert some additional grounds for dismissal -such as absolute prosecutorial immunity and Eleventh Amendment sovereign immunity- but otherwise argue that the Court should dismiss the claims against them for the same reasons that it dismissed the claims against the City Defendants.[9] In this regard, movants contend that "[a]ll of the claims against the County Defendants are based on the same underlying conduct as was alleged against the City Defendants,"[10] and that "[t]he same reasoning applies to the County Defendants."[11]

---

[7] Docket No. [#50].
[8] *See, e.g.*, Amended Complaint at ¶ ¶ 76, 86, 114, 133, 136.
[9] County Defendants also make the following additional arguments: The DA's Office is not a legal entity that can be sued; a *Monell* claim cannot be asserted against Doorley because she is not a municipal entity;
[10] Docket No. [#53-2] at p. 4.
[11] Docket No. [#53-2] at p. 9; *see also, id.* at p. 14 ("[A]ll of Plaintiff's claims against the Monroe County Defendants should be dismissed pursuant to F.R.C.P. Rule 12(b)(6) because the amended complaint fails to state a cause of action against the Defendants, because of the Defendants' absolute prosecutorial immunity and Eleventh Amendment sovereign immunity, and for the reasons explained by this Court's decision and order granting the City of Rochester Defendants' motion to dismiss, including the protection of qualified immunity.").

In Plaintiff's 8-page response, he maintains that absolute prosecutorial immunity does not apply because movants were "not acting in their capacities as advocates" during the relevant time, since "[t]here were no adversarial proceedings relating to Plaintiff's 2003 conviction during the period the County Defendants withheld the exculpatory evidence from the Plaintiff."[12] Otherwise, though, Plaintiff makes the same arguments that he made in opposition to the City Defendants' motion to dismiss, which this Court has already rejected.

There is no need for the Court to repeat the detailed analysis of Plaintiff's claims that it performed in the earlier Decision and Order [#50]. For the same reasons discussed therein, the Amended Complaint fails to allege any violation of Plaintiff's federal constitutional rights by any of the County Defendants, and therefore fails to state any actionable claim under 42 U.S.C. § § 1983, 1985 or 1986. Because of that, it is unnecessary for the Court to address the alternative arguments offered in support of the County Defendants' motion, namely, absolute prosecutorial immunity and Eleventh Amendment sovereign immunity.

---

[12] Docket No. [#66] at ¶ 5 and Docket No. [#67] at p. 5.

CONCLUSION

County Defendants' motion to dismiss [#53] is granted, and this action is dismissed with prejudice. The Clerk is directed to close this action.

SO ORDERED.

Dated: Rochester, New York
July 22, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge